**UNITED STATES of America,
Appellee,**

v.

**Jorge DUQUE, Defendant–Appellant.**

No. 06–0220–cr.

United States Court of Appeals,
Second Circuit.

Dec. 10, 2007.

John A. Cirando, Esq., Syracuse, NY, for Appellant.

Parvin Daphne Moyne, Assistant United States Attorney (Andrew L. Fish, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

Present: DENNIS JACOBS, Chief Judge, BARRINGTON D. PARKER, and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jorge Duque appeals from a judgment of conviction entered on December 27, 2005 by the District Court for the Southern District of New York (Wood, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Having pled guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), Duque challenges the 87 month sentence of imprisonment as substantively unreasonable because the court (1) accorded too much weight to his drug trafficking activity, and (2) failed to consider all the relevant sentencing factors, particularly Duque's status as a deportable alien. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006).

The "weight to be given any § 3553(a) factor, is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Florez*, 447 F.3d 145, 158 (2d Cir.2006) (internal quotation marks). In any event, the court's focus on Duque's drug trafficking was in aid of the court's consideration of a mitigating factor cited by Duque: that he was a low-level courier who had become rehabilitated.

The collateral effects of deportability—*e.g.*, "(1) the unavailability of preferred conditions of confinement, [and] (2) the possibility of an additional period of detention pending deportation following the completion of sentence"—generally do not justify a departure from the Guidelines range. *United States v. Restrepo*, 999 F.2d 640, 644 (2d Cir.1993); *see also United States v. Wills*, 476 F.3d 103, 107 (2d Cir.2007). While it is true that "pertinent collateral consequences of a defendant's alienage" might serve as a valid basis for departure "if those consequences were ex-

traordinary in nature or degree[,]" *Restrepo,* 999 F.2d at 644, the collateral effects at issue here are run of the mill.

 Duque received the maximum sentence under the applicable Guidelines range. Although we do not presume that a Guidelines sentence is reasonable, we have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Fernandez,* 443 F.3d at 27; cf. *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). We cannot conclude that this case falls outside the overwhelming majority.

We have considered Duque's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**